UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTR[ICT]

Vickie Gould
4029 So. Drexel Blvd
Chgo, IL 60653-2434
(Name of the plaintiff or plaintiffs)

v.

Mariano's
333 East Benton Pl
Chgo, IL 60601
(Name of the defendant or defendants)

14cv6771
JUDGE LEE
MAG. JUDGE MARTIN

CIVIL ACTION

NO. _____

RECEIVED
SEP X 2 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Vickie Gould__ of the county of __Cook__ in the state of __IL__.

3. The defendant is __Mariano's__, whose street address is __333 East Benton Place__, (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP) __60601__
(Defendant's telephone number) __(312) 228-1349__

4. The plaintiff sought employment or was employed by the defendant at (street address) __333 East Benton Pl__ (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP code) __60601__

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 04, (day) 23, (year) 2014.

7.1 **(Choose paragraph 7.1 or 7.2, do not complete both.)**

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑ has not ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) 07 (day) 15 (year) 2014.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month) 09 (day) 02 (year) 2014.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☑ Yes (month) __07__ (day) __15__ (year) __2014__

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) __08__ (day) __14__ (year) __2014__.

(c) Attached is a copy of the

    (i) Complaint of Employment Discrimination,

    ☑ YES    ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    ☑ YES    ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☑ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): allergic Reaction to Chemical, Refuse Doctor statements etc.

I Vickie Gould, refuse to sign they termantton form, I feel I was treated unfear. I went in a depression state I'm seeing a Theapy

13. The facts supporting the plaintiff's claim of discrimination are as follows:

My Theapy is Associal Behavioral Science 6201 W. Cermak. They will be writing a letter on this behalf. Sincerely,

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
_Vickie Gould._____

(Plaintiff's name)
_Vickie Gould_____

(Plaintiff's street address)
_4029 So Drexel Blvd._____

_____

(City) _Chicago_ (State) _IL_ (ZIP) _60653_

(Plaintiff's telephone number) _(708) 296-5649_

Date: _9-2-2014_

# ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

August 13, 2014

**Vickie V. Gould**
**4029 Drexel Blvd 3A**
**Chicago, IL 60653**

**Vickie V. Gould** *vs Mariano's,,* <u>**Control No. 150813-005**</u>

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:** Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:** Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely *provide the EEOC's findings to the Department will result only in the Department closing your file.* **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS

**CC Mariano's**
**333 E. Benton Place**
**Chicago, IL 60601**

_EEOC 30 Rev: 12/11_

# EMPLOYEE CONTACT

Employee Name  Vickie Gould_____  Date of Contact  06-16-2014_____

Position  General Team Member_____  Store No.  8503_____

## Type of Violation

| | | |
|---|---|---|
| Attendance | Failure to Follow Instructions ☐ | Insubordination ☐ |
| Customer Complaint | Violation of Company Policies/Procedures | Dress Code/Appearance ☐ |
| **Unsatisfactory Work**    x    Quality/Quantity | Shortage/Overage | Abusive/Profane Language ☐ ☐ |
| | Smoking Policy ☐ | Other _____ ☐ |

## Previous Contacts

| | ORAL | WRITTEN | DATE | BY WHOM |
|---|---|---|---|---|
| 1st | | | | |
| 2nd Contact | | | | |
| 3rd Contact | | | | |

**Employer Statement:** Vickie, during you probationary period you quality of work has been unsatisfactory; at this time we have decided to terminate your employment.

**Improvement Goals:**

**Consequences should incident occur again:**

**Action to be taken:**    Verbal Warning      Suspension Until __      x    **Dismissal**
                                                               Date

_____ Date _____    _____ Date _____
Store Director Approval                                         Signature of Manager/Supervisor Who Issued Contact

By signing this Employee Contact notice, the Employee is only acknowledging receipt of the document and not his/her agreement with the description of violations.

___Refused to sign._____
Signature of Employee                         Date

Copy: Employee
        Personnel file                                                                                                4/11

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8000
TTY (312) 869-8001
INTAKE FAX (312) 869-8170

RE:

**PLEASE READ FIRST**

Your interview is scheduled for:

☐ Monday   ☑ Tuesday   ☐ Wednesday   ☐ Thursday   ☐ Friday

Date: 7/15/14   Time: 10:30   ☑ AM   ☐ PM    ☐ Telephone   ☐ Office (see address above)

We have received your Inquiry and scheduled you for an appointment above. On your appointment date, bring if office, or fax before your appointment date, if by phone, any documents you believe would support your allegations or assist us with assessing your complaint.

Upon arrival, proceed to the 3rd floor and check in at the Visitor's Center, where you will be required to show some form of photo identification, for example a driver's license, to gain access to our office. If you intend to bring someone with you, please tell us more than 24 hours in advance of your appointment. Your companion will be required to show photo identification, as well.

**If you are 30 minutes late or more for your appointment, you will be treated as a walk-in. All walk-ins will be seen after all scheduled appointments, time permitting.**

If you wish to cancel or reschedule your interview, please call 312-869-8010. 72 hours advance notice of cancellation is requested.

---

**Please be prepared to provide or discuss the following:**

1. Policies related to action(s) taken against you.

2. Specific facts and details about what occurred (Who, What, Where, When, Why, How)

3. Witness information to include name, address, phone number of each witness, if known.

4. Information about other employees who may have been treated the same or differently.

4. Medical documentation (if alleging disability discrimination).

**NOTE: A formal Charge of Discrimination must be filed in our office within 300 days of the alleged discriminatory act. The proper completion of the questionnaire may be considered as the filing of a charge, but additional forms or information may be required.**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2014-05379 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Vickie V. Gould | (708) 296-5649 | 06-23-1959 |

Street Address — City, State and ZIP Code
4029 Drexel Blvd 3A, Chicago, IL 60653

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MARIANO'S | 201 - 500 | (312) 228-1349 |

Street Address — City, State and ZIP Code
333 E. Benton Place, Chicago, IL 60601

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 06-16-2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or around May 23, 2014. My most recent position was Dish Washer. On or around June 16, 2014, I was discharged.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC
JUL 15 2014
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 15, 2014 — *Vickie Gould*
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

## REQUEST FOR WORK ACCOMMODATION

| Employee Name: Vickie Gould | Job Title: Dash Washing |
|---|---|
| Work Location: 333 E. Benton | Date of Request: 6-3-14 |
| Your address (including city, state, zip) 4029 So. Drexel Blvd Chge, IL 60653 | Phone Number: (708) 296-5649 |

The following information is being requested in order to give appropriate consideration to your request for a job accommodation. This information will be maintained in the medical file, treated confidentially and shared with managers/supervisors on a need to know basis. It will be used to discuss your request with you and determine the Company's ability to satisfy your request or address alternatives to your request. Providing this information is voluntary, but, if you refuse to provide the information, the Company may deny your request for accommodation. **You will be required to provide medical documentation to support the medical impairment and the medical necessity for the accommodation requested. You may be required to sign a medical release so the Company can obtain additional medical information from your treatment provider related to the request. The Company may also require that you be evaluated by a medical provider of its choosing in furtherance of making an informed decision regarding your request.**

1. Please describe completely the duties of your job that you cannot perform:

   To whom it may concern: I'm Vickie Gould, I was Exployed to this on 5-23-2014 while washing dishing, I deluoped an allergic Reaction from chemical.

2. Please describe completely the reasons that you are unable to perform these duties:

   Vickie Gould, under doctor care. avoid working with chemical at work because she contact an allergic do to Sanitzer Solution

3. If you can perform a job duty some of the time, but less frequently than required, **be specific as to the amount of time you can perform the duty:**

   Vickie Gould must avoid the incting chemical / Substance

Roundy's Supermarkets, Inc.

HIPAA-Compliant Release for Medical Information Concerning Disability and Reasonable Accommodation Request

## AUTHORIZATION TO RELEASE MEDICAL RECORDS AND INFORMATION

TO:   MY HEALTH CARE PROFESSIONAL(S):

In accordance with 45 CFR § 164.508, you are permitted to give Roundy's Supermarkets, Inc. Human Resources and/or Benefits Department, and any employees of said departments, copies of all my medical records and information since _____ (date) as it relates to my request for reasonable accommodation. Specifically, this means all my medical records, physician's notes, notes other than psychotherapy notes, test and laboratory results, MRI films, CT scans, x-ray films, all radiologic films and accompanying written reports, pharmacy records, bills and charges, and any other information regarding the examination, evaluation, care, and treatment. You may give this information regardless of whether it is written or in the form of electronic data, microfiche, microfilm, radiologic film, or any other form.

**SAFE HARBOR NOTICE**
The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services

I am signing this authorization so that Roundy's Supermarkets, Inc. will be able to properly analyze my request for reasonable accommodation. This release is valid and does not expire until the request has been granted or denied and in the latter case, until all appeals processes have ended.

I understand that I have the right to revoke this authorization by sending a letter to the below address, requesting that this authorization no longer be used or by directing my attorney to send a letter to the above named person requesting the same on my behalf.

   Roundy's Supermarkets, Inc.
   PO Box 473, MS-2300
   Milwaukee, WI 53201
   Attn: Beckie Josephitis
   FAX:   414-231-6033

In the event that I choose to change my mind and revoke this authorization, I understand that my letter will stop Roundy's Supermarkets, Inc. from requesting additional records with this release and sharing the records with others involved in evaluating my reasonable accommodation request, only after receipt of my letter. Finally, I understand that my treatment, payment, enrollment in any health plan, or eligibility for benefits may not be and are not conditioned upon my agreeing to sign this authorization.

A copy of this authorization shall be as valid as the original thereof.

Dated this  30  day of   June  , 2014 .

_Vickie Gould_                          _Vickie Gould_
(Signature of Employee)                 (Print Name)
Date of Birth: 06-23-59

If above signatory is a minor, signature of parent or legal guardian is also required.

_____         _____
(Signature of Parent or Legal Guardian)   (Print Name)

**MacNeal Hospital**

Family Medicine Center & Family Medicine Residency Program
3231 S Euclid Ave, 5th Floor
Berwyn, IL 60402
Residency Program: 708-783-3094
Patient Services: 708-783-2000
Fax: 708-783-3656

**Doctor's Note**

Date 05/23/2014

Patient     GOULD, VICKIE V     D.O.B.     06/23/1959

The above named patient is seen under my care. Patient with an allergic reaction to chemical at work. Please allow patient to work in a different area to avoid the inciting chemical/substance.

Thank you,

Electronically Signed by: JOHN THURMAN, DO, RES

*[signature]* D.O.

# MacNeal Hospital

Family Medicine Center & Family Medicine Residency Program
3231 S Euclid Ave, 5th Floor
Berwyn, IL 60402
Residency Program: 708-783-3094
Patient Services: 708-783-2000
Fax: 708-783-3656

## Doctor's Note

Date 06/04/2014

Patient        GOULD, VICKIE V            D.O.B.        06/23/1959

The above named patient was seen under my care for follow up on 6/4/14. She had an allergic reaction to chemical at work around 5/23/14. She is improving since stopping use of chemicals. Please continue to allow patient to work in a different area to avoid the inciting chemical/substances, as repeat exposure may worsen condition.

Thank you,

Electronically Signed by: NEREIDA ESPARZA, MD

*[signature: Nereida Esparza MD]*

**MacNeal Hospital**

Family Medicine Center & Family Medicine Residency Program
3231 S Euclid Ave, 5th Floor
Berwyn, IL 60402
Residency Program: 708-783-3094
Patient Services: 708-783-2000
Fax: 708-783-3656

**Doctor's Note**

Date 06/17/2014

**Patient**     GOULD, VICKIE V         **D.O.B.**     06/23/1959

Vickie was seen in the office today for a rash caused by exposure to chemicals. She should use gloves while at work dealing with any chemicals. Please call my office if there are any further questions

Thank you,

Electronically Signed by: KATIE KERR, MD, RES

*Katie Kerr M.D.*

Time line concerning allergy to chemicals and resulting termination:

04/23/14 – Started work at Mariano's Fresh Market 333 E. Benton Pl. Chicago, IL 60601

05/10/14 to 05/13/14 – Noticed itching, burning, and nail problems. Approached Dan, Supervisor of "Hot Foods" dept., and asked for gloves to reduce exposure to dish detergent. I was provided with gloves.

Gloves did not resolve problems. Itching and burning continued.

05/23/14 – Face, eyes, and hands swollen. Experienced problems breathing due to swelling in throat. Contacted a store supervisor and informed him that I could not come to work due to discomfort. Informed him that I would attain doctor's note regarding illness. I went to primary physician, Dr. John Thurman of MacNeal Hospital, who determined I was allergic to cleaning chemicals. I was provided with a letter from Dr. Thurman stating that I should avoid using the detergent and other chemicals.

05/24/14 – Returned to work and was told to go home because "I looked ill". Supervisors Dan and Surya told me to go home immediately. I provided the doctor's letter to a supervisor named Surya and he provided me with a copy. Provided them with a letter for jury duty as well that was put in my file.

05/25/14 – Returned to work and I was assigned to bagging duties in the front. I was instructed, by another supervisor named Reggie, to go to the bathroom and clean using chemical solution. Cleaned the bathrooms and returned to bagging. I was informed by Surya, the supervisor, that he would alert the other supervisor, Reggie, about not supposed to be exposed to chemicals.

Worked for a week as a bagger and cleaned bathrooms when the front was not busy. Followed orders of supervisors despite chemical use and some discomfort from the solutions.

06/03/14 – Provided with "Request for Work Accommodation" form by Surya the supervisor. Completed form and Release of Information for them to contact my physician. I was informed that another position would be identified that would not involve use of chemicals.

06/04/14 – Followed up with physician at MacNeal Hospital. Doctor Nereida Esparza provided a new letter requesting that I do not use chemicals in order to continue recovery.

06/05/14 – Provided letter to a supervisor named Brian. Attempted to provide him with business card for Vocational Rehabilitation counselor to discuss issue and he refused to take it.

Continued working bagging and other tasks.

06/13/14 – Store manager gave verbal warning to me due to alleged "complaints" that I was not being "fast" and "active". I was sick throughout the week due to allergy from chemicals but continued doing the jobs assigned. Supervisor suggested I stay home if sick but I was still in probation period and could not miss time. They never assigned me to a job where I could completely avoid the chemicals and illness continued. At no time during the week did any supervisor approach me to explain how to improve my performance.

06/16/14 – An hour into work, Surya, the supervisor approached me and asked to talk to me in his office. Three store supervisors, Surya, Carolyn, and Scott, informed me that I was being terminated due to quality of work being unsatisfactory. They asked to sign the form but I refused. Carolyn escorted me out of the store while store staff observed.